IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CORNELIUS BROWN** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-cv-00895** |
| | § | **JURY TRIAL DEMANDED** |
| **KIM OGG, ED GONZALEZ,** | § | |
| **MICHAEL MCSPADDEN,** | § | |
| **MIKE STONE, CHRIS DANIEL, et al.,** | § | |
| *Defendants.* | § | |

## DEFENDANT KIM OGG'S ANSWER

DEFENDANT KIM OGG, in her individual capacity, files this original answer to plaintiff Cornelius Brown's original complaint.

### I.   Admissions & Denials

1.   **Page 1, Paragraph 1:** Ogg denies that Brown has factual or legal authority to bring suit against her under the vaguely stated authorities contained in the first paragraph of Page 1 of Brown's Original Petition of Suit, or that his "constitutionally protected civil rights" were violated to his detriment and permanent harm.

2.   **Page 1, Paragraph 2:** Ogg denies that Brown's quote from *Haines v. Kerner*, 404 U.S. 519 (1972), is accurate.

3.   **Page 2, Paragraph 1:** Ogg admits that Brown is currently housed in the Harris County Jail.

4.   **Page 2, Paragraph 2:** Ogg admits that she is the District Attorney of Harris

County, Texas, and denies that her address is 1310 Prairie Street, Houston, Texas 77002.

5.　**Page 2, Paragraph 3:**  Ogg admits that Ed Gonzalez is the Sheriff of Harris County, Texas, and that his address is 1200 Baker Street, Houston, Texas 77002.

6.　**Page 2, Paragraph 4:**  Ogg admits that Michael McSpadden is the former elected judge of the 209th District Court of Harris County, Texas.

7.　**Page 2, Paragraph 5:**  Ogg admits that Mike Stone is an attorney.

8.　**Page 2, Paragraph 6:**  Ogg admits that Chris Daniel is the former elected District Clerk of Harris County, Texas.

9.　**Page 2, Paragraph 7:**  Ogg lacks knowledge or information sufficient to form a belief whether there are any additional parties.

10.　**Page 2, Paragraph 8:**  Ogg denies that Brown has stated a claim meriting a jury trial.

11.　**Page 3, Paragraph 1:**  Ogg denies that she violated Brown's rights under the United States and Texas Constitutions detailed in the first paragraph of Page 3 of Brown's Original Petition of Suit.

12.　**Page 3, Paragraph 2:**  Ogg denies that Brown will prove any stipulations before or at a jury trial.

13.　**Page 3, Paragraph 3:**  Ogg denies Brown's allegations that he has suffered irreparable injury of any kind and that Brown is being held due to "corruption within the Harris County Judicial system to fill the pockets of court-appointed counsels a [sic] taxpayers expense."

14.　**Pages 3-4, Paragraph 4:** Ogg denies Brown's allegations that "this action has been occurring for years to obtain illegal convictions" and that Brown has been damaged as described in this paragraph.

15.     **Page 4, Paragraph 1:**  Ogg denies that Brown informed her of any violations prior to the filing of this suit.

16.     **Page 4, Paragraph 2:**  Ogg denies that Brown is entitled to any damages of any kind.

17.     **Page 4, Paragraph 3:**  Ogg denies that Brown is entitled to injunction or release, that she is "not adverse to violating Texas law to forestall proceedings," or that an injunction is required to "restore the status quo."

## II. Affirmative Defenses

18.     Ogg is not liable to Brown because of absolute prosecutorial immunity. Ogg alleges by way of affirmative defense that she was, at all times relevant to Brown's assertions, employed and acting as the elected Harris County District Attorney; and that any and all of her actions relevant to the allegations made by Brown in the instant cause were within the scope of her absolute prosecutorial immunity.

19.     Ogg is not liable to Brown because of her qualified immunity.  Ogg alleges by way of affirmative defense that she was, at all times relevant to Brown's assertions, employed and acting as the elected Harris County District Attorney; and that any and all of her actions relevant to the allegations made by Brown in the instant complaint were within the scope of her qualified immunity from suit as a governmental officer performing a discretionary function, as recognized by the courts of the United States.

20.     Ogg is not liable to Brown because the statute of limitations bars Brown's claims. Ogg further alleges by way of affirmative defense that the instant suit and each and every individual cause of action stated therein are barred by limitations.

### III. Prayer

THEREFORE, Ogg respectfully prays that Brown take nothing by the instant suit; that all costs be taxed against Brown; and that Ogg be awarded such other relief as to which the Court may find her justly entitled.

Respectfully submitted,

*/s/ Scott A. Durfee*

**SCOTT A. DURFEE**
Assistant District Attorney
Harris County District Attorney's Office
State Bar of Texas No. 06277550
500 Jefferson Street, Sixth Floor
Houston, Texas  77002
durfee_scott@dao.hctx.net
(713) 755-5816 (telephone)
(713) 437-4966 (facsimile)

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was mailed to the plaintiff pro se, by certified mail, return receipt requested, on March 18, 2019, at the following address:

**Cornelius Brown**
SPN 01060692
1200 Baker Street
Houston, Texas 77002
*By certified mail, RRR, # 7011 2000 0002 0264 6180*

*/s/ Scott A. Durfee*

**SCOTT A. DURFEE**
Assistant District Attorney